**Anna Thielker, Administratrix of the Estate of Henry W. F. Thielker, deceased, Appellant, v. East St. Louis & Suburban Railway Company, Appellee.**

1. CONTRIBUTORY NEGLIGENCE—*what is as matter of law.* One who voluntarily places himself in a position of danger, without any justification or reasonable excuse therefor, is guilty of contributory negligence as a matter of law.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of St. Clair county; the Hon. CHAS. T. MOORE, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

W. M. VANDEVENTER and W. E. KNOWLES, for appellant.

SCHAEFER, FARMER & KRUGER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of

Thielker v. East St. Louis & Suburban Ry. Co.

St. Clair county, by appellant against appellee, to recover for the death of appellant's intestate, alleged to have been caused by negligence on the part of appellee. Trial by jury. At the close of plaintiff's evidence the defendant moved the court to exclude all of the evidence and for an instruction directing the jury to return a verdict finding the defendant not guilty. The court granted the motion, the jury returned a verdict in accordance with the court's direction, and the court rendered judgment on the verdict against the plaintiff in bar of the action and for costs. Plaintiff duly excepted, and brings the case to this court by appeal.

The question presented is whether the record discloses any evidence tending to prove all that is required to warrant a recovery by the plaintiff upon the case stated in her declaration as therein stated. In resolving this question the court is not authorized to weigh the evidence, but only to inspect the record and ascertain whether it contains any evidence tending to establish every requisite fact.

The declaration consists of four counts. Three of them charge, in substance, that Henry W. C. Thielker, appellant's intestate, was a passenger on one of appellee's cars, on his way from East St. Louis to Schmidt's Mound, and that appellee negligently maintained one of its trolley poles so close to the track of its road that appellant's intestate, while in the exercise of due care and caution for his own safety, unavoidably came in contact therewith and was thereby killed. The fourth count charges that appellee negligently failed to give appellant's intestate due and timely notice that it had a trolley pole so close to its car track as to be dangerous to passengers, and that appellant's intestate, while in the exercise of due care and caution for his own safety, was unavoidably struck by such pole and so badly injured thereby that he died in consequence thereof.

Appellee was engaged in operating an interurban

line of electric railway from some point in the city of East St. Louis across country by way of Collinsville to the city of Edwardsville, a distance of twenty-five miles. Along so much of its line as was within the limits of the city of East St. Louis it had regular stopping places, and in the country between cities it had regular stations from two to three miles apart. Schmidt's Mound was one of these country stations. The cars were large and could carry 175 passengers, were equipped with air brakes and had a speed between stations of from thirty to forty miles per hour. The poles supporting the trolley wire stood near the railroad track, pole 213, the one with which appellant's intestate collided, being but three feet from the track. This left a space of but ten inches between the pole and a passing car.

When appellant's intestate entered the car the seats were all occupied, and he stood up in the aisle of the smoking compartment. When within about four or five hundred feet of Schmidt's station, the conductor announced the station and gave the motorman the station signal and the motorman began to slacken the speed of the car. About this time a fellow-passenger observed appellant's intestate standing "straight up" on the lower step of the platform, "ahold of two hand holds, facing the car." This witness did not see him take that position, nor see in what position he was at the immediate time of the injury. One other witness saw him on the step, and saw him immediately before the injury and at the instant of it. He was then standing on the lower step, facing the car, "had hold of two hand holds, leaning out at full arm's length," when his body collided with pole 213. The car had not yet reached the station by 200 feet or more, and was running at a speed of from eight to twelve miles per hour.

One of the material facts requisite to appellant's right to recover is that her intestate "was in the exercise of due care and caution for his own safety at the

time of his injury," and there is in this record no evidence nor any reasonable inference tending to prove that fact. It is apparent to the court that, under the undisputed facts of this case, all disinterested reason-able minds will agree that appellant's intestate voluntarily placed himself in a position of danger without any justification or reasonable excuse therefor.

The judgment of the Circuit Court is affirmed.

*Affirmed.*